GLENS FALLS NAT. BANK v. CRAMTON.

(Circuit Court, D. Vermont. March 9, 1896.)

1. ABATEMENT—ACTION AGAINST STOCKHOLDER.

It is not a good plea in abatement, in an action against a stockholder in a corporation, based on a statute providing that the stockholders shall be personally liable for the indebtedness of the corporation, beyond their stock, to an amount equal to the par value of their stock, to allege merely that there are many other stockholders besides the defendant, and many other creditors besides the plaintiff, without alleging any interest in any one else in the plaintiff's cause of action, or that others are jointly liable with the defendant.

2. SAME.

Nor is it a good plea in abatement to such an action that the claims of the plaintiff are so involved with the claims of others that relief for all must be had in equity.

Joel C. Baker, for plaintiff.
Charles M. Wilds, for defendant.

WHEELER, District Judge.    The charter of the Vermont Investment & Guaranty Company provides:

"Sec. 9. This corporation shall not transact business until at least twenty-five thousand dollars ($25,000) of its capital stock has been actually paid in; and no part of the capital stock shall be withdrawn so long as the corporation has any unpaid or outstanding indebtedness or liability; and for any injury or damage coming to any person or party from a violation of the provisions of this act, the stockholders shall be personally liable, and such injury or damage may be recovered by such person or party in an action on the case, founded on this statute, and the stockholders shall be personally liable for the indebtedness of the corporation beyond their stock, to an amount equal to the par value of their stock." Laws Vt. 1884, No. 193.

This suit is brought by the plaintiff, as a creditor, against the defendant, as a stockholder, upon the last clause of this section of that statute.    The defendant has pleaded in abatement that there are 3,000 shares of stock, of $100 each, held by 146 persons, and many other creditors, with dues amounting to $800,000; that the corporation is in the hands of a receiver of the state court, with whom the plaintiff has filed this claim; and that the cause of action, if any, accrued in equity, and not at law.    "Wherefore he prays judgment if the court here will take further cognizance, or sustain the action aforesaid.",    The plaintiff has replied that the unsecured debts are less than $300,000, and the defendant has demurred.

Ordinarily, a replication to a plea in abatement would be of no use; for, as the plea must be certain to a certain intent in every particular, whatever would save the suit should be negatived, and the omission of it would be fatal to the plea.    But when a replication to such a plea is filed, and demurred to, the demurrer, of course, reaches back to the plea, and tests it.    This plea is not a plea to the ability of the plaintiff to sue alone, for there is no allegation of any interest of any one else in the plaintiff's cause of action; neither is it a plea of nonjoinder of defendants, for there is no allegation that others are jointly liable with the defendant; and, if the plea could in any wise be said to be well founded for such defect of parties, it might be cured under the practice of the state, adopted here, by adding the parties lacking.    St. Vt. § 1180. That the plaintiff has a remedy in equity against the defendant which would include this cause of action can be no ground for abating this suit, for whether the plaintiff can maintain the action or not is to be tried in the action, and not elsewhere, on a plea to the merits, and not in abatement.

The argument of the demurrer has not, however, proceeded upon the ground that the claim of the plaintiff alone against the defendant alone is cognizable only in equity, but rather upon the ground that it is so involved with the claims of others that relief for all must be had in equity.    If this ground is well founded, and goes so far as to show that the plaintiff has no right of action at law against the defendant, it is matter in bar, and not in abatement, and should be so pleaded.    It, then, is of the gist of the

action to be tried on the merits, and the suit must be retained for the trial. If not, the right of that trial would be denied.

But the broader ground of the plea seems to be that equitable rights of other creditors and liabilities of other stockholders are involved, and cannot be tried here in this proceeding. If there are other such rights and liabilities arising out of the situation, they cannot oust nor affect the jurisdiction of this court to try this case, without being brought forward and set up by some appropriate proceeding in equity, for that purpose. A plea in abatement is wholly inadequate to that end. The right of the plaintiff to maintain this action at law as against any legal defense must be tried in the action itself. The equitable rights of the defendant, not amounting to a legal defense, or of others, must be asserted, if any, in equity, and not in this mode here. The plea is therefore bad as a plea in abatement; the replication is good for such a plea; and the demurrer must, in this view, be overruled.

Demurrer overruled, replication adjudged sufficient, and plea insufficient; defendant to answer over.